F. M. McIntosh *v.* Merchants' and Planters' Insurance Company—
On opposition of Angelrodt & Barthe.

The decision in the case of *McIntosh* v. *Merchants' and Planters' Insurance Co.*, 9th An. 403, that the guarantee notes belonging to the company were not liable to be seized and sold for the benefit of a single creditor, re-exmined and affirmed.

The refusal of the court in that and in the present case, to apply the privilege accorded by Art 722 of the Code of Practice, turns upon the particular facts of these cases, the assets having a peculiar character and destination, rendering it impossible to make them the subject of an ordinary seizure, at the instance of a creditor of the company.

The charges for professional services in the settlement of insolvent estates, ought to be in proportion to the results of the liquidation.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J. *Durant & Hornor,* for plaintiff. *G. Schmidt,* for opponents and appellants.

Buchanan, J. *Angelrodt & Barthe* prosecute this appeal upon two grounds :

1st. The refusal of an allowance of a privilege to themselves, for the amount of the judgment debt of the company to them, for which they had (previously to the commencement of these proceedings in liquidation) made a seizure under *fi. fa.* of all the assets of the company, being sundry guarantee notes, so styled, subscribed by various persons in favor of the company.

2d. The allowance of three thousand dollars to *Messrs. Durant & Hornor,* counsel of the liquidator, for professional services rendered in the liquidation.

The point of law involved in the first of these questions, has been settled in the decision of this court upon a former appeal, reported in 9th Annual, 403, after careful and protracted consideration, with the unanimous concurrence of the court, although there was a difference of opinion upon other questions then at issue. The learned counsel of the appellant has not convinced us that our former decision on this point was erroneous. For the purpose of preventing misapprehension as to the extent that that decision has the authority of precedent, it is, however, necessary that we should add, that the refusal to apply the privilege accorded by the 722d Article of the Code of Practice to the seizures effected by the judgment creditors of this insolvent Insurance Company, before its affairs were put into the hands of a receiver under a judicial order, turned upon the peculiar facts of the case. We held, in the case quoted, that the assets thus seized had a particular character and destination which rendered it impossible to make them the objects of an ordinary seizure at the instance of any creditor of the company, while the company was transacting business under its charter. The reasoning of the court upon that subject is entirely applicable to the seizure of *Angelrodt & Barthe;* and the difference in the facts sufficiently accounts for the apparent difference of the doctrine from that of the case of *Goubeau* v. *The Nashville Railroad Company,* in 6th Robinson, and the other cases quoted in appellants' brief.

Upon the 2d ground of appellants, the allowance for professional services of counsel of liquidator, the total amount of receipts shown by the tableau of distribution, is $11,877 62, against which the law charges (including the attor-

McIntosh
v.
Insurance Co.

ney's fee complained of) are $5,569 25 ; leaving $6,308 87 to be divided among $66,920 69, due twenty-seven creditors, after five years of litigation.

The forty-seven suits mentioned in the judgment of the District Court, as having been instituted by the receiver, were suits on promissory notes against the maker, for all of which the same printed form of petition might have sufficed, with blanks for names, amounts and dates.

At all events, we cannot too often repeat that the charges of the profession, in the settlement of insolvent estates, should bear some sort of proportion to the results of the liquidation.

We think one thousand dollars a reasonable remuneration to the counsel of the liquidator, under the circumstances.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended by reducing the fee of the counsel of the liquidator, *Messrs. Durant & Hornor*, for professional services, to one thousand dollars, and that the costs of the opposition of *Angelrodt & Barthe*, and of this appeal, be borne by the mass.